UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANE SHAH, | ) |
|               Plaintiff(s), | ) Case No. 2:14-cv-00624-APG-NJK |
| vs. | ) ORDER |
| DEPARTMENT OF JUSTICE, | ) |
|               Defendant(s). | ) (Docket No. 1) |

Pending before the Court is Plaintiff's petition for judicial review, which includes the name of Plaintiff's alleged sexual assault victim. *See* Docket No. 1.[1] The Ninth Circuit has held that there is a presumption of public access to judicial files and records. *See, e.g.*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). But courts have also recognized the need to protect the privacy of alleged sexual assault victims. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (recognizing the need to protect the privacy of, *inter alia*, rape victims). Indeed, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Penzato*, 2011 WL 1833007, *3 (N.D. Cal. May 13, 2011); *see also J.C. v. Society of Jesus, Ore. Province*, 2006 WL 3158814, *7 (W.D. Wash. Oct. 27, 2006) (recognizing "the interest in protecting the privacy of victims of sexual assault outweighs the right of the public to

---

[1] The alleged victim's identity is revealed in at least the affidavit attached to the petition.

access such information" and finding redaction of victims' names sufficient to obscure their identities).

In light of the above, the Court hereby **ORDERS** the Clerk's Office to seal Docket No. 1, at least on a temporary basis. The Court further **ORDERS** Plaintiff to file, no later than May 6, 2014, either (1) a version of the document with the alleged victim's name redacted or (2) a memorandum of points and authorities explaining why such redaction is not proper.

IT IS SO ORDERED.

DATED: April 29, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge